```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                               CRIMINAL NO. 5:06-cr-9(DCB)(JCS)

ANTHONY BUCKHALTER                                           DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Anthony Buckhalter's Motion to Dismiss for Double Jeopardy **(docket entry 24)**. Having carefully considered the motion and response, the applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

The defendant, Anthony Buckhalter, is charged with, among other things, conspiring to possess alcohol within a federal prison, 18 U.S.C. § 1791(a)(2), in violation of Section 371, Title 18, United States Code. Prior to his indictment, the defendant was placed in solitary confinement, from approximately May 18, 2005, until December 23, 2005, pending investigation for alleged violation of Bureau of Prisons regulations in connection with the incident. The defendant claims that this action constitutes "punishment," and seeks to have the pending criminal charges against him dismissed as being barred by the Double Jeopardy Clause of the Fifth Amendment.

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in

jeopardy of life or limb." Thus, individuals are protected from three types of constitutional violations under the Double Jeopardy Clause: "(1) a second prosecution after acquittal for the same offense, (2) a second prosecution after conviction for the same offense, and (3) multiple punishments for the same offense." Porter v. Coughlin, 421 F.3d 141, 144 (2nd Cir. 2005)(citing United States v. Lopez, 356 F.3d 463, 467 (2nd Cir. 2004)). It is the last cited protection, the prohibition against multiple punishments, which the defendant seeks to invoke to have this Court dismiss the pending criminal charges against him.

In United States v. Halper, 490 U.S. 435 (1989), the Supreme Court considered the issue of "whether and under what circumstances a civil penalty may constitute punishment for the purpose of the Double Jeopardy Clause." Id. at 446. It was held in that case that where a civil penalty bears "no rational relation" to the goal of compensating the government for its loss, the action constitutes punishment under the Double Jeopardy Clause. Id. at 449.

In Hudson v. United States, 522 U.S. 93 (1997), however, the Supreme Court largely disavowed the method of analysis used in Halper and instead held that the Double Jeopardy Clause prohibits multiple sanctions for the same offense only if those sanctions constitute "criminal punishment." Id. at 99. Under Hudson, a two-part approach is undertaken to determine if an action constitutes "punishment" under the Fifth Amendment. First, the court must

determine whether the sanction at issue was intended by Congress to be a civil remedy or a criminal punishment.  Id.  If Congress did not intend that the sanction be criminal in nature, the court must then determine whether the action is so punitive in purpose or effect so as to "transform what has been denominated a civil remedy into a criminal penalty."  Id. (internal citation omitted).  This determination is made by examining seven separate factors, as laid out by Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963):

1. Whether the sanction involves an affirmative disability or restraint;

2. Whether it has historically been regarded as punishment;

3. Whether it has come into play only on a finding of scienter;

4. Whether its operation will promote the traditional aims of punishment, retribution and deterrence;

5. Whether the behavior to which it applies is already a crime;

6. Whether an alternative purpose to which it may rationally be connected is assignable for it; and

7. Whether it appears excessive in relation to the alternative purpose assigned.

Hudson, 522 U.S. at 99-100.  Under this legal standard, the Court addresses whether the prison disciplinary action taken against Buckhalter constitutes "criminal punishment" so as to bar a subsequent criminal action against him based on the same conduct.

Congress empowered the Bureau of Prisons to "provide for the protection, instruction, and discipline of all persons charged with

or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3) (emphasis added). Although this statute is contained within the section of the United States Code pertaining to crimes, it is apparent that it is not, itself, a criminal statute. The statute authorizes a federal agency to administer <u>discipline</u>, but it does not empower the agency to <u>punish</u> an individual through conviction of a substantive crime. See <u>Hudson</u>, 522 U.S. at 103 (holding that where an administrative agency is empowered to issue sanctions, that is "prima facie evidence that Congress intended to provide for a civil sanction"); <u>United States v. Mayes</u>, 158 F.3d 1215, 1223 (11th Cir. 1998)(holding that Congress intended federal prison disciplinary actions to be civil in nature).

Case law further makes it clear that prison disciplinary proceedings are not considered to be part of a criminal prosecution. See <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974) (stating, in a case involving good time credits, that "prison disciplinary proceedings are not part of a criminal prosecution"); <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 316 (1975)("Prison disciplinary hearings are not criminal proceedings"); <u>United States v. Duke</u>, 527 F.2d 386, 390 (5th Cir. 1976)(administrative segregation is not an arrest triggering the Speedy Trial Act); <u>Rhodes v. Henman</u>, 946 F.2d 901 (10th Cir. 1991) (prison disciplinary hearings are civil in nature).

Buckhalter makes no effort to convince the Court that Congress

intended for disciplinary actions taken against prisoners to be criminal in nature.  The Court therefore proceeds to the second prong of the Hudson analysis, i.e., whether the "clearest proof" evidences that the prison disciplinary actions authorized by Congress are "so punitive in form and effect as to render them criminal despite [the government's] intent to the contrary." United States v. Ursery, 518 U.S. 267, 290 (1996).  It should first be noted that while the Kennedy factors "provide useful guideposts," Hudson, 522 U.S. at 99, those factors are neither "exhaustive nor dispositive." United States v. Ward, 448 U.S. 242, 249 (1980).  "It is particularly appropriate to apply the factors flexibly in the context of prison discipline cases, which 'do not fit neatly into the matrix of double jeopardy doctrine ... because in the prison context, virtually any form of sanction seems 'criminal' and 'punitive' as we commonly understand those terms." Porter, 421 F.3d at 147 (quoting Mayes, 158 F.3d at 1223).

    The first five Kennedy factors support Buckhalter's argument that the prison disciplinary proceedings are criminal rather than civil in nature.  Being placed in disciplinary confinement certainly involves an "affirmative disability or restraint," and is "historically regarded as punishment" as contemplated in the second Kennedy factor.  Buckhalter alleges that disciplinary action was taken against him after the prison officials determined he had acted with scienter, and this is not contested by the government.

Furthermore, the disciplinary action addressed conduct which is "already a crime," the possession of alcohol by an inmate in federal prison.  Certainly, the administrative action was authorized by Congress with the aim to deter future conduct of a similar nature by the defendant and other inmates, thus it promoted "the traditional aims of punishment, retribution and deterrence."

The last two Kennedy factors, however, weigh heavily against a finding that the disciplinary action was a criminal punishment in effect.  The action taken against the defendants by the prison officials was "rationally connected" to an alternative, non-punitive, purpose in maintaining institutional order. See Mayes, 158 F.3d at 1224 (holding that disciplinary transfers to a high security prison, disciplinary segregation for 60 days, disallowance of accrued good conduct time, and loss of visitation privileges for up to one year did not act as criminal punishment to invoke the Double Jeopardy Clause).  The disciplinary action undertaken in response to the defendant's alleged attempt to bring alcohol onto the prison grounds also does not appear "excessive" in relation to the purpose of maintaining institutional order.

In striking the balance between the Kennedy factors, the Court finds that the last two factors, especially when considered in the prison context, weigh so heavily that the defendant's motion to dismiss must be denied.  As the Third Circuit has commented:

> We do not believe that the Double Jeopardy
> Clause was ever intended to inhibit prison

> discipline ... . If a prison disciplinary sanction bars subsequent criminal prosecution, the prison authorities will be forced to choose between instituting a disciplinary proceeding or awaiting a criminal prosecution. The process of conducting a criminal investigation and prosecution may take considerable time. The difficulties and delay that a criminal prosecution entails would leave the prisoners who violated the prison rules without a prompt resolution of charges and hinder prison administration and discipline.

United States v. Newby, 11 F.3d 1143, 1146 (3rd Cir. 1993).

Perhaps most telling, the defendant has failed to cite a single case in which a court has held that prison discipline bars further criminal prosecution under the Double Jeopardy Clause. In fact, the cases, both pre- and post-Hudson, consistently deny such claims.[1] See, e.g., Hullum v. Maloney, 105 Fed.Appx. 278 (1st Cir. 2004); Porter v. Coughlin, 421 F.3d 141 (2nd Cir. 2005); United States v. Hernandez-Fundora, 58 F.3d 802 (2nd Cir. 1995); United States v. Newby, 11 F.3d 1143 (3rd Cir. 1993); Keaveny v. United States, 405 F.2d 821 (5th Cir. 1969); United States v. Gilchrist, 427 F.2d 1132 (5th Cir. 1970); United States v. Herrera, 504 F.2d 859 (5th Cir. 1970); United States v. Williamson, 469 F.2d 88 (5th Cir. 1972); United States v. Galan, 82 F.3d 639 (5th Cir. 1996);

---

[1] Many of the listed cases were decided pre-Hudson and thus do not explicitly employ the Kennedy factors. Nevertheless, the discussion contained within these cases is persuasive. Moreover, the Court's research has uncovered no post-Hudson cases which lend credence to the defendant's claim that, in the prison context, disciplinary action bars future criminal prosecution.

Welch v. Epps, 103 Fed.Appx. 828 (5th Cir. 2004); United States v. Shepard, 78 Fed.Appx. 387 (5th Cir. 2003); Singleton v. Page, 1999 U.S. App. LEXIS 30162 (7th Cir. Nov. 15, 1999); Garrity v. Fiedler, 41 F.3d 1150 (7th Cir. 1994); Kearns v. Parratt, 672 F.2d 690 (8th Cir. 1982); United States v. Brown, 59 F.3d 102 (9th Cir. 1995); United States v. Rising, 867 F.2d 1255 (10th Cir. 1989); United States v. Mayes, 158 F.3d 1215 (11th Cir. 1998); Holleman v. Johnson, 2001 U.S. Dist. LEXIS 15199 (N.D. Tex. Sept. 19, 2001).

Thus, it is clear that prison discipline, at least in this context, does not act to bar subsequent criminal prosecution based upon the same conduct which gave rise to the civil sanction. The defendant offers nothing to convince this Court that his case is so extraordinary as to take it out of the traditional scenario. Therefore, the motion shall be denied. Accordingly,

IT IS HEREBY ORDERED that the defendant Anthony Buckhalter's Motion to Dismiss for Double Jeopardy **(docket entry 24)** is DENIED.

SO ORDERED, this the ___7th___ day of April, 2006.

                                                  s/ David Bramlette
                                          UNITED STATES DISTRICT JUDGE